UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANNY RAY SMITH, TDCJ #01493545, | § § § | |
| Petitioner, VS. | § § § | CIVIL ACTION NO. 3:16-CV-54 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Danny Ray Smith (TDCJ #01493545), seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction (Dkt. 1). After reviewing all of the pleadings, the record, and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that Smith's petition must be dismissed as time-barred.

### I.  BACKGROUND

Smith's petition does not explain when, where, or of what he was convicted; but publicly available records indicate that he pled guilty to felony theft in 2008 in Chambers County. *See* First Court of Appeals of Texas Case Number 01-12-00552-CR. Smith concedes that, absent tolling, his petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). He claims that he is actually innocent of the crime and that his otherwise time-barred claim of ineffective assistance of counsel should therefore be considered. The Court ordered Smith to show cause why this case should not

be dismissed as time-barred (Dkt. 4). Smith did not respond, and the show cause order was returned to the Court marked as undeliverable (Dkt. 5).

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Section 2244(d) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> 28 U.S.C. § 2244(d).

Essentially, subsections (B), (C), and (D) outline exceptions to the general rule, set forth in subsection (A), that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. *Flanagan*, 154 F.3d at 198. Section (d)(2) tolls limitations during the pendency of a properly filed state habeas petition. *Id.*

Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209–10 (2006).

### a. Smith has not established entitlement to the *McQuiggin* exception.

A prisoner who has filed an untimely federal habeas application can overcome the one-year statute of limitations with a convincing showing of "actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual-innocence exception described in *McQuiggin* is grounded in the miscarriage-of-justice exception—*Id.* at 1932—which is a narrow exception applicable only in extraordinary cases. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Thus, tenable actual-innocence claims are "rare[.]" *McQuiggin*, 133 S. Ct. at 1928. "The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quotation marks omitted; quoting *Schlup v. Delo*, 115 S.

Ct. 851, 861 (1995)). That evidence of innocence must be not only strong but new—the *McQuiggin* exception only "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." *Id.* at 1933 (quotation marks and brackets omitted).

For the purposes of the miscarriage-of-justice analysis, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). As the Fifth Circuit has further explained, "actual innocence" means "factual" as opposed to "legal" innocence, with "legal" innocence meaning that a constitutional violation by itself requires reversal and "factual" innocence meaning that the person actually did not commit the crime. *Johnson v. Hargett*, 978 F.2d 855, 859–60 (5th Cir. 1992); *see also Calderon*, 523 U.S. at 559 ("The miscarriage of justice exception is concerned with actual as compared to legal innocence.") (internal brackets and quotation marks omitted).

Smith has not made any factual allegations indicating that he can present any evidence that would establish the *McQuiggin* exception. The statute of limitations bars this petition, and the Court will dismiss it.

### III. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v.*

*Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment and ruling debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on November 7, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE